**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION**

| | | |
|---|---|---|
| FRANK RAMSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  3:13-cv-134 (Groh) |
| vs. | ) | Electronically filed:  September 24, 2013 |
| | ) | |
| TRS RECOVERY SERVICES, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, FRANK RAMSEY, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, TRS RECOVERY SERVICES, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the West Virginia Consumer Credit and Protection Act (hereinafter the "WVCCPA"), W. Va. Code § 46-A-2-122, *et seq.*

## JURISDICTION AND VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.     Plaintiff is an individual who was at all relevant times residing in Martinsburg, West Virginia.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and W. Va. Code § 46-A-2-122(a), as he is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and W. Va. Code § 46-A-2-122(d), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.      The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.      On information and belief, Defendant is a corporation of the State of Colorado, which is licensed to do business in West Virginia and which has its principal place of business in Greenwood Village, Colorado.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8.      Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about July or August of 2013 in attempts to collect the aforementioned alleged debt, but failed to disclose that they were debt collectors during each and every communication with Plaintiff.

9.      Plaintiff sent a letter to Defendant on or about August 16, 2013 requesting that Defendant cease all communication with him.  A copy of said letter is attached hereto as Plaintiff's Exhibit 1.

10.      Subsequently, Defendants agents, representatives and/or employees, including but not limited to individuals who identified themselves as Tina Green (hereinafter "Green") and

Daniel Jones (hereinafter "Jones), repeatedly contacted Plaintiff by telephone in further attempts to collect the alleged debt.

11.     During at least one telephone communication with Plaintiff, Green acknowledged that Plaintiff had asked her not to call him anymore, but she stated that she was still "authorized" to call.

12.     On or about August 23, 2013, Defendant was advised in writing that Plaintiff was represented by the undersigned counsel in relation to the alleged debt Defendant was attempting to collect from Plaintiff.

13.     Despite its receipt of said notice of representation, Defendant's agents, representatives and/or employees continued to contact Plaintiff by telephone in further attempts to collect the alleged debt.  During one telephone communication with Jones subsequent to August 23, 2013, Plaintiff provided the name and contact information for his undersigned counsel, yet Green continued to press Plaintiff for payment of the alleged debt.

14.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

       a.     Continuing to communicate with Plaintiff after Defendant was notified in writing that he refused to pay the debt and/or that he wished for Defendant to cease further communication with him, in violation of 15 U.S.C. § 1692c(c);

       b.     Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse oppress  or harass, in violation of 15 U.S.C. § 1692d(5);

    c.    Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

    d.    Communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2); and

    e.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, FRANK RAMSEY, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the West Virginia Consumer Credit and Protection Act)

16.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17.    In its attempts to collect the aforementioned alleged debt, Defendant violated the WVCCPA in one or more of the following ways:

a. Causing a telephone to ring and/or engaging Plaintiff in telephone conversation repeatedly and/or continuously, and/or at unusual times and/or at times known to be inconvenient, with the intent to annoy, abuse, oppress and/or threaten Plaintiff, in violation of W. Va. Code § 46A-2-125(d);

b. Communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of W. Va. Code § 46A-2-128(e); and

c. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the WVCCPA.

18.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, FRANK RAMSEY, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $1,000.00 for each violation of the WVCCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (10939)
Attorney for Plaintiff
Luxenburg & Levin, LLC
595 Elm Place, Suite 201
Highland Park, IL, 60035
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com